B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>MOTA BROTHERS ASBESTOS, LLC | DEFENDANTS<br>KBE BUILDING CORPORATION, and<br>MANAFORT BROTHERS INCORPORATED |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Jeffrey M. Sklarz, Convicer, Percy & Green, LLP<br>701 Hebron Ave., Glastonbury, CT 06033 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 USC 542(b) - Action for turnover of money due and owing.

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   276,895.26 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**MOTA BROTHERS ASBESTOS, LLC** | BANKRUPTCY CASE NO.<br>13-20035 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | | NAME OF JUDGE<br>Dabrowski |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>**/S/    Jeffrey M. Sklarz** | | | |
| DATE<br><br>**09/25/2013** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>**Jeffrey M. Sklarz** | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| MOTA BROTHERS ASBESTOS, LLC | : | CASE NO: 13-20035 (ASD) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| MOTA BROTHERS ASBESTOS, LLC | : | ADV. PROC. NO. |
| | : | |
| Plaintiff | : | 13- _____ (ASD) |
| | : | |
| v. | : | |
| | : | |
| KBE BUILDING CORPORATION; and | : | |
| MANAFORT BROTHERS INCORPORATED | : | |
| | : | |
| Defendants | : | SEPTEMBER 25, 2013 |

**ADVERSARY COMPLAINT FOR TURNOVER PURSUANT TO 11 U.S.C. 542(b)**

Pursuant to 11 U.S.C. § 542(e), the debtor, Mota Brothers Asbestos, LLC as debtor and debtor-in-possession, (hereafter "MOTA" or "Debtor"), hereby seek the turnover of monies and/or property held by defendants, KBE Building Corporation ("KBE") and Manafort Brothers Incorporated ("Manafort"), for the turnover of payments that are currently due and owing.  In support hereof, the Debtor submits the following:

**JURISDICTION AND INTRODUCTION**

1.      This Complaint initiates an adversary proceeding pursuant to 11 U.S.C §§ 541 and 542(b) (all statutory references herein are to the Bankruptcy Code unless otherwise stated).

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 542(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

3.    Venue of this adversary proceeding in the Bankruptcy Court is proper pursuant to 28 U.S.C. § 1409(a) because the Debtor's case is pending in this district and division.

## FACTS AND BACKGROUND

4.    The plaintiff is the Debtor in the above-captioned case, a Connecticut limited liability company with a principal place of business at 40 South Street, West Hartford, CT 06110.

5.    KBE is a corporation registered to business in Connecticut with an address of 30 Batterson Park Road, Farmington, CT, 06032.

6.    Manafort is a corporation registered to business in Connecticut with an address of 414 New Britain Avenue, Plainville, CT, 06062.

7.    On January 8, 2013, (the "Petition Date"), the above-captioned Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

8.    The Debtor is continuing in possession of its property and are operating and managing their businesses, as Debtors-In-Possession, pursuant to §§ 1107 and 1108.

9.    No trustee or committee has been appointed in this case.

10.    MOTA has particular expertise in asbestos removal and remediation, providing such services to companies and municipalities around Connecticut.

11.    KBE and Manafort retained the Debtor to perform asbestos abatement and removal services. Those jobs are now complete and all funds are due and payable. Neither KBE nor Manafort contest the amounts due, but, rather are holding the payments on account of the claims for unpaid wages made by former employees of the Debtor to the Connecticut Department of Labor ("CT-DOL").

2

12.     The CT-DOL has recently filed a proof of claim in the amount of $572,105. (Claim #8.)  The Debtor believes the wage claims are substantially overstated and is in the process of assembling its response to the CT-DOL's proof of claim.

13.     As a result of the CT-DOL investigation, the Debtor has been unable to collect more than $250,000 of accounts receivable pending resolution of these claims.  Currently, the Debtor is owed $218,950.28 by KBE and $57,944.98 by Manafort.  Receipt of these funds will enable the Debtor pay all allowed priority wage claims.

14.     Despite demand, both KBE and Manafort have failed and refused to turnover the above monies.

15.     Additionally, to allay any concerns that payment to the Debtor would leave either KBE or Manafort liable to the CT-DOL, the Debtor has suggested either (a) payment by joint check to the Debtor and the CT-DOL or (b) establishment of a special escrow account to hold said monies for payment of allowed wage claims.

## COUNT ONE: Turnover Pursuant to § 542(b) as to KBE

16.     At all times mentioned herein, the sum of $218,950.28 was due and owing by KBE to the Debtor.

17.     Pursuant to § 542(b): "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."

3

18.     By virtue of KBE's non-payment, the Debtor is entitled to an order directing the turnover and/or payment of the amount due by KBE to the Debtor.

**COUNT TWO: Turnover Pursuant to § 542(b) as to Manafort**

19.     Paragraphs 1 through 15 of the Complaint are incorporated by reference as if fully set forth herein.

20.     At all times mentioned herein, the sum of $57,944.98 was due and owing by Manafort to the Debtor.

21.     Pursuant to § 542(b): "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."

22.     By virtue of Manafort's non-payment, the Debtor is entitled to an order directing the turnover and/or payment of the amount due by Manafort to the Debtor.

C:\Users\Lynn\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\NJMY2HEM\Motion for Turnover - KBE Manafort.doc

WHEREFORE, the Debtor requests that this Court enter an Order:

1.      For KBE to turnover $218,950.28 to the Debtor;

2.      Manafort to turnover $57,944.98 to the Debtor;

3.      For such other relief as may by just and equitable

THE DEBTOR:
MOTA BROTHERS ASBESTOS, LLC


By:      /s/Jeffrey M. Sklarz
         Jeffrey M. Sklarz (ct20938)
         CONVICER, PERCY & GREEN, LLP
         701 Hebron Avenue
         Glastonbury, CT 06033
         Phone: (860) 657-9040
         Fax: (860) 657-9039
         jsklarz@convicerpercy.com

5